## Heckman *v.* Kipp, Appellant.

*Will—Family agreement—Decedent's estate—Fee simple estate—Life estate.*

A widow who has been given a fee simple estate under one will of her husband, is not deprived of such estate by entering into an agreement with her husband's heirs, by which a later will is set aside, and by which she agrees that if any estate or property of the decedent, "which becomes hers by virtue of said last will and testament hereby authorized and directed to be proven, shall remain after her death, the same shall become the property of and pass to" the heirs of the decedent.

Argued May 10, 1910. Appeal, No. 278, Jan. T., 1909, by defendant, from judgment of C. P. Juniata Co., Sept. T., 1909, No. 49, for plaintiff on case stated in suit of Elizabeth Heckman v. H. C. Kipp. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before SHULL, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff.

*Andrew Banks*, for appellant.

*J. N. Keller*, for appellee.

PER CURIAM, May 24, 1910:

Under the will of 1886 Elizabeth Heckman, the plaintiff, took a fee simple title to the real estate sold by her to the defendant. The agreement of December 24, 1897, between her and the residuary legatees under the will of 1897 did not lessen her interest in or deprive her of the absolute title to the property; on the contrary, it confirmed it. It sets aside and declares the will of 1897 to be

null and void; and provides that the will of 1886 shall be proven and filed as "the said decedent's last will and testament." These provisions of the agreement eliminated the will of 1897 so far as it disposed of this property, and recognized and confirmed the validity of the will of 1886 under which the plaintiff took a fee simple title.

The appellants contend that the plaintiff is vested with only a life estate in the property by reason of the clause in the agreement which provides that Mrs. Heckman "doth hereby promise and agree that if any estate or property of the said George Heckman, deceased (which becomes hers by virtue of said last will and testament hereby authorized and directed to be proven), shall remain after her death, the same shall become the property of and pass to the said parties hereto of the first part." This clause of the agreement not only does not lessen or reduce Mrs. Heckman's interest in the real estate devised to her by her husband but declares that it "becomes hers by virtue of said last will and testament." The provision does not restrict Mrs. Heckman's power of alienation or deprive her of disposing of the property as she may see fit. The clause in no way prevents her absolute control or disposition of the property. The language of the clause is that she "promises and agrees that if any estate or property of the said George Heckman deceased shall remain after her death, the same shall become the property of and pass to the said parties hereto of the first part." By implication, this very clause authorizes her to sell or dispose of the property. The only interest or property the appellants take under the agreement is such estate or property as "shall remain after her death." If at her death Mrs. Heckman has none of the property passing under the will, the appellants get nothing. It is apparent, we think, that the agreement confirms and does not lessen or otherwise affect the fee simple title of Mrs. Heckman to the real estate devised to her by the will of 1886.

The judgment is affirmed.